Filed 8/31/15  In re Brandon W. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re BRANDON W., a Person Coming Under the Juvenile Court Law. | |
| | D067375 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J235699) |
| v. | |
| BRANDON W., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Honorable Roderick W. Shelton, Judge.  Affirmed.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Charles C. Ragland and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Brandon W. (Appellant) contends there was insufficient evidence to sustain the juvenile court's true finding that he was the person who tagged[1] the concrete at a San Diego high school, therefore committing misdemeanor vandalism.  (Pen. Code, § 594, subd. (a).)  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2014, high school personnel discovered graffiti on a concrete surface near the science building.  The graffiti contained the letters "SDJ" and "EGO" written in blue ink.  The incident was reported to the school resource officer, Deputy Butcher and the assistant principal, Lance Yocum.  Butcher and Yocum spoke with a student about the source of the graffiti.  The student did not know who did the tagging, however he reported that he saw Appellant and another student, Reggie M., together earlier that day and he heard them say they were high.

After hearing this information, Butcher and Yocum called in Appellant and Reggie for questioning and to search their belongings.  During the search, which Appellant does not contest, Butcher found two pieces of paper in Appellant's backpack.  One paper had the letters "SDJ" written in two different styles of writing, along with what appeared to be the letters "EGO" at the bottom.  The other paper contained the alphabet in "practice

_____

[1]    Tagging is the term for marking walls and surfaces with graffiti.  (*In re Angel R.* (2008) 163 Cal.App.4th 905, 912, fn. 6 (*Angel*).)

writing."[2]  When Butcher asked Appellant whether the paper said "EGG" or "EGO," Appellant first replied that he did not know.  However when asked again, he stated it said "EGO."  Butcher believed "SDJ" stood for the tagging crew, San Diego Juveniles, and that "EGO" was likely the tagger's moniker.[3]  Appellant admitted to being a member of the San Diego Juveniles tagging crew, but he denied going by the moniker "EGO."

Butcher's search of Reggie's backpack revealed a blue dry erase marker wrapped in a bandana and stuffed in a glove.  The color of the marker and the width of the tip appeared to match the graffiti found on the concrete earlier that morning.  Reggie stated he was holding the marker for a friend, whom he refused to identify.  After the search concluded, Appellant was taken into police custody by Butcher and later released to his mother.

A delinquency petition was filed against Appellant in July 2014.  Appellant was arraigned on one count of misdemeanor vandalism of property of a value less than $400.  (Pen. Code, § 594, subds. (a), (b)(2)(A).)  Appellant filed a motion to suppress evidence, which was subsequently denied.  Presentation of evidence commenced in September 2014.

---

[2]  According to the People's expert, "practice writing" refers to when taggers practice the lettering for their monikers or tags on scratch paper before tagging them in public.

[3]  A tagging crew is a group of taggers formed for the specific purpose of marking surfaces with identifying letters, names or logos.  (*Angel*, *supra*, 163 Cal.App.4th at p. 912, fn. 6.)  The People's expert testified a tagger's moniker is often his or her initials, or a nickname given by the crew.

Detective Bryan Roberts (Roberts) testified as the People's expert witness on tagging and graffiti. He explained that taggers will commonly write their moniker next to the name of their crew as a way of getting recognition for their work. He testified that after viewing the graffiti in question he believed "SDJ" to be the name of the tagging crew and "EGO" to be the moniker of the tagger. Roberts opined that the student who possessed the papers containing the letters written on the concrete was the same student responsible for the graffiti because one tagger would not "walk around with somebody else's paperwork in his backpack." He also explained it would be a sign of disrespect for a tagger to use another tagger's moniker.

David Oleksow testified as an expert in forensic document examination on behalf of Appellant. After examining a photo of the graffiti in question and the papers found in Appellant's backpack, Oleksow stated the results were "inconclusive" as to whether or not the same person was responsible for both writings. Oleksow opined the writings on the papers could have been written by two or three different people and therefore, he could not eliminate Appellant as a possible writer of the graffiti in question.

After the conclusion of the evidence, the court found Appellant committed misdemeanor vandalism of property of a value less than $400. (Pen. Code, § 594, subds. (a), (b)(2)(A).) The court further found Appellant to be a ward of the court and placed him on probation. Appellant filed a timely notice of appeal.

DISCUSSION

When determining whether sufficient evidence exists to support the trial court's conviction, we ask whether " 'there is any substantial evidence, including all reasonable

4

inferences to be drawn from the evidence, of the existence of each element of the offense charged.' " (*People v. Watkins* (2012) 55 Cal.4th 999, 1019 (*Watkins*).) We review the record " 'in the light most favorable to the judgment . . . [for] evidence which is reasonable, [and] credible, . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*Ibid.*) The standard of review is the same in juvenile criminal proceedings as in adult criminal trials. (*In re Cheri T.* (1999) 70 Cal.App.4th 1400, 1403 (*Cheri*).)

Appellant contends the court's inference of guilt based on Roberts's expert testimony was unreasonable. He insists the expert opinion amounted to nothing more than mere speculation and "an expression of [Roberts's] general belief," and therefore, cannot serve as the basis for an inference of fact by the court. We disagree.

" 'To warrant rejection of a witness' testimony that has been believed by the trier of fact, there must exist either a physical impossibility that it is true, or its falsity must be apparent without resorting to inferences or deductions.' " (*Cheri*, *supra*, 70 Cal.App.4th at p. 1404.) As the reviewing court, we do not determine whether we believe the evidence at trial establishes guilt, but whether, after reviewing the evidence in light of the judgment, any rational trier of fact could have established guilt beyond a reasonable doubt. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

The trier of fact was presented with the testimony of two experts, both of which required a logical inference in light of the facts to establish appellant's guilt or innocence. The record shows Appellant was at school the day the graffiti was found, was in

5

possession of papers containing the same letters as the graffiti, and admitted to being a member of the San Diego Juveniles tagging crew. In addition, another student reported seeing Appellant with Reggie, the student who was later found in possession of a blue marker the same width as the graffiti—which he claimed to be holding for a friend. Armed with these facts, the court then heard from Roberts, who testified that based on his experience and expertise in the field of tagging and graffiti, a tagger would neither tag another person's moniker nor would a tagger carry around practice writings of another person's moniker. In light of this evidence and the inferences to be drawn from such evidence, we conclude the court's true finding Appellant committed misdemeanor vandalism is supported by ample evidence in the record. (See *People v. Bean* (1988) 46 Cal.3d 919, 934 [noting a reviewing court must presume the "existence of any facts that the . . . [trier of fact] might reasonably infer from the evidence"].)

Moreover, even if the admission of Roberts's expert testimony was error, we conclude it was harmless. "[T]he erroneous admission of expert testimony only warrants reversal if 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' (*People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*); see also *People v. Venegas* (1998) 18 Cal.4th 47, 93 [applying *Watson* standard to the erroneous admission of expert testimony].)" (*People v. Prieto* (2003) 30 Cal.4th 226, 247 (*Prieto*).)

Here, we conclude there is ample evidence to support the court's true finding even without Roberts's testimony. Appellant was an admitted member of the San Diego Juveniles tagging crew and tacitly admitted to writing "EGO." Furthermore, he was on

6

school grounds the morning the graffiti was discovered and had access to a tool similar to the tool used to write the graffiti. In addition, Appellant was in possession of papers containing the same two, three-letter initials as the graffiti in question. As such, there is no reasonable probability a result more favorable to Appellant would have been reached absent the error. (*Prieto*, *supra*, 30 Cal.4th at p. 247.)

Appellant next contends the judgment should be reversed because the evidence used to support the true finding was purely circumstantial. However, it is well established that the standard of review is the same in cases where the prosecuting party relies mainly on circumstantial evidence. (*People v. Stanley* (1995) 10 Cal.4th 764, 792; *Watkins*, *supra*, 55 Cal.4th at p. 1020.) Although a trier of fact has a duty to acquit if it finds the circumstantial evidence susceptible to several interpretations, "it is the . . . [trier of fact], not the appellate court[,] which must be convinced of the defendant's guilt beyond a reasonable doubt." (*Watkins*, *supra*, at p. 1020.) A reviewing court's conclusion that the circumstances of the case can also support a contrary finding does not warrant a reversal of judgment. (*Ibid.*)

Based on the record in this case and after reviewing the evidence in light of the judgment, we conclude substantial evidence exists to support the judgment.

7

DISPOSITION

The judgment is affirmed.

PRAGER, J.*

WE CONCUR:


McDONALD, Acting P. J.


O'ROURKE, J.

---

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8